# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN WALTERS and | § | |
| MISTY WALTERS | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-69-LEAD |
| | § | Judge Mazzant |
| | § | |
| FEDEX CORPORATION, FEDEX | § | |
| EXPRESS, INC., FEDEX GROUND | § | |
| PACKAGE SYSTEM, INC., FEDEX | § | |
| FREIGHT, INC., FEDEX CUSTOM | § | |
| CRITICAL, INC., FEDEX TRADE | § | |
| NETWORKS TRADE SERVICES, INC., | § | |
| FEDEX SUPPLYCHAIN SYSTEMS, INC., | § | |
| NELL ENTERPRISES, LLC, | § | |
| CATHERINE HOOVER AND MICHAEL | § | |
| HOOVER | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendants Catherine Hoover and Michael Hoover's Motion for Partial Summary Judgment (Dkt. #29). The Court, having considered the relevant pleadings, finds that Defendants' motion should be granted.

## **BACKGROUND**

This case arises out of a motor vehicle collision that occurred on November 14, 2012. Plaintiffs have sued various Defendants, including Defendants Catherine Hoover and Michael Hoover for negligence and negligence per se. Specifically, Plaintiffs claim Catherine Hoover and Michael Hoover were negligent in the following respects: (1) Violating Section 545.002 of Vernon's Texas Statutes and Codes Annotated, Transportation Code; (2) Failing to keep a proper lookout; (3) Failing to timely apply brakes; (4) Failing to control the vehicle; (5) Failing to act and/or respond in a reasonable manner; and (6) Failing to control the speed of the vehicle.

On August 11, 2015, Defendants Catherine Hoover and Michael Hoover filed a motion for partial summary judgment (Dkt. #29). No response was filed by Plaintiff.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the

nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Defendants first move for summary judgment asserting that Defendant Michael Hoover was not driving the tractor-trailer at the time of the collision in question, but was merely a passenger. Since these facts are uncontested, the Court agrees that Plaintiffs' claims against Defendant Michael Hoover fail as a matter of law.[1]

Plaintiffs have also asserted a negligence per se cause of action against both Michael and Catherine Hoover for an alleged violation of Section 545.062 of the Texas Transportation Code. Defendants move for summary judgment asserting that a breach of section 545.062 of the Texas Transportation Code does not constitute negligence per se. The Court agrees. Under Texas law, "a statute that requires a driver proceed safely imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998). "[A] breach of section 545.062 does not constitute negligence per se." *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Thus, Plaintiffs cannot maintain a negligence per se cause of action premised on an alleged violation of section 545.062 of the Texas Transportation Code.

## CONCLUSION

It is therefore **ORDERED** that Defendants Catherine Hoover and Michael Hoover's Motion for Partial Summary Judgment (Dkt. #29) is hereby **GRANTED** and Defendant Michael Hoover is

---

[1] Plaintiffs' claims against Michael Hoover were asserted as an alternative theory.

**DISMISSED** and Plaintiffs' negligence per se claim for an alleged violation of Section 545.062 of the Texas Transportation Code is hereby **DISMISSED**.

**SIGNED this 22nd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE