# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN WALTERS and MISTY WALTERS | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-69 |
| | § | LEAD |
| | § | Judge Mazzant |
| FEDEX CORP., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to File Amended Answer (Dkt. #81). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This case arises from two motor vehicle collisions that occurred on November 14, 2012, on U.S. Highway 75 in McKinney, Texas. On March 16, 2016, Defendants filed their Motion for Leave to File Amended Answer (Dkt. #81; Dkt. #82). Defendants contend that the purpose of such filing is to allow Defendants to plead affirmative defenses based upon additional information that was been discovered as the case has progressed (*See* Dkt. #81). On March 30, 2016, Plaintiffs filed their response (Dkt. #106). The case is currently set for pretrial conference on April 20, 2016.

## LEGAL STANDARD

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified for "good cause." *Id.* The Fifth Circuit has established four factors that the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to

1

amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause[,]" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters., L.L.C.*, 315 F.3d at 536-37.

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave when justice so requires." "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

## ANALYSIS

Defendants asserts that leave should be granted as it does not prejudice Plaintiffs because in their Joint Motion for Continuance (Dkt. #42), "[t]he parties contemplated and agreed upon a new scheduling order with a new pleading deadline for Defendants." (Dkt. #81 at p. 6). The parties' proposed order did include a March 16, 2016 date to amend pleadings (Dkt. #81-3). At the time of entering the Amending Scheduling Order, however, the Court did not include a date to amend pleadings because the parties' joint motion stated, "[t]he parties currently anticipate that it will take them an additional ninety (90) days to accomplish this remaining *discovery work* and respectfully request that the Court continue the *trial date* for that period of time." (Dkt. #42 at p. 2) (emphasis added). Additionally, nowhere in the motion did Defendants assert that they would likely need to file a second amended answer to assert affirmative defenses based upon information they had acquired during the course of discovery.

The Court finds that Defendants have been dilatory in filing their amended answer. Defendants have known of the information giving rise to their affirmative defenses since

2

November 16, 2015, when they took the deposition of Kevin Walters (Dkt. #81 at p. 2). Additionally, Plaintiffs supplemented their disclosures with additional medical records on December 11, 2015 (Dkt. #81 at p. 2). Defendants had the knowledge and information necessary to file their amended answer at that time; however, Defendants have waited until one month before the pretrial conference to assert new affirmative defenses in the case.

Defendants offer no other explanation for their failure to timely move for leave to amend. While they do assert that the affirmative defenses Defendants seek to add are important as they may bar recovery in this case, the Court finds that there is a potential prejudice to Plaintiffs. The parties are currently less than a month before pretrial, and Plaintiffs have prepared for trial in this matter based on the pleadings timely filed and the affirmative defenses contained in those pleadings. To force Plaintiffs to now prepare for other affirmative defenses that have not been asserted previously would be unfair and prejudicial. Further, a continuance is unlikely to cure the prejudice that would occur if the Court permitted Defendants' late amendment, as a continuance would simply increase the expense to both parties and delay the resolution of this matter further. Therefore, given the lack of explanation for the failure to timely move for leave to amend, and the potential prejudice to Plaintiffs, the Court finds that Defendants' motion for leave to amend should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to File Amended Answer (Dkt. #81) is hereby **DENIED**.

**SIGNED this 14th day of April, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE